UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YING WANG, WEIJUN LUO

      Petitioner-Plaintiffs

vs.

CIVIL ACTION NO.:

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF STATE; MARCO RUBIO as secretary of DOS; BUREAU OF CONSULAR AFFAIRS; JOHN ARMSTRONG as Senior Bureau Official.

      Respondents-Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PETITION FOR WRIT OF MANDAMUS

Petitioner-Plaintiffs Ying Wang ("Wang") and Weijun Luo ("Luo") by and through their undersigned counsel, sue the UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF STATE; MARCO RUBIO, as secretary of DOS; BUREAU OF CONSULAR AFFAIRS; JOHN ARMSTRONG as Senior Bureau Official.

### INTRODUCTION

1. This cause is brought to compel action in the H-4 visa application, the nonimmigration visa available to the spouses and/or unmarried children under the age of twenty-one of H-1B visa holder, to expedite the processing of the application that has been pending for around *eight* (8) months at the United States Consulate General in Vancouver, Canada.

    The application was filed and remained within the jurisdiction of Defendants, who have improperly withheld timely action on the application to lead Plaintiffs.

2. The undue delay and improper withholding of statutorily mandated adjudication of pending visa application present an ongoing violation of the Administrative Procedures Act ("APA") 5 U.S.C. § 555 *et seq.* and § 701 *et seq.*; the issuance of visas to an alien who is coming temporarily to perform services in a specialty occupation and its spouse and unmarried child under the age of 21, 8 U.S.C. § 1101(a)(15)(H); and violations of Fifth Amendment Due Process.

3. Plaintiffs' rights are infringed by this undue delay because Plaintiffs have not received full processing of his H-4 visa application. The delayed processing of his visa application has caused significant hardship and financial burdens to Plaintiffs, even though he has provided all the required fees, applications and supporting evidence.

## PARTIES

4. Plaintiff Wang is an individual who resides in Malden, Massachusetts.

5. Plaintiff Luo is Plaintiff Wang's spouse who has a residence in Malden, Massachusetts, and is now temporarily residing in Toronto, Canada.

6. The Defendants are (i) the United States of America (US), (ii) certain agencies of the United States, the U.S. Department of State (DOS), and Bureau of Consular Affairs, (iii) federal officials sued in their official capacities employed by those agencies. These named officials have direct control and responsibility over the Plaintiffs' visa application. Marco Rubio is the secretary of state, and John Armstrong as Senior Bureau Official, thus both individuals have direct supervisory control over the individuals who are processing and considering the Plaintiffs' application.

## JURISDICTION

7. This Honorable Court has jurisdiction over this matter based on several provisions. The court has federal-question jurisdiction under 28 U.S.C. § 1331, because Plaintiffs' claims arise under the laws of the United States, particularly the laws dealing with the timely issuance of visas of the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

8. This Court also has jurisdiction under 28 U.S.C. §1361 (the Mandamus Act), which states that "The District courts shall have original jurisdiction of any action like mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It also has jurisdiction in conjunction with 28 U.S.C. §1348 (the United States as a defendant), 28 U.S.C §1631 (All Writs Act); 28 U.S.C. §2201-2202 9 Declaratory Judgement Act); 5 U.S.C. §551 et seq. and §701 et seq. (Administrative Procedures Act and Rules 57 (Declaratory Judgements) and 65 (Injunctions) of the Federal Rules of civil procedure, permitting declaratory and injunctive actions.

## VENUE

9. Venue lies in this District, the United States District Court for the District of Massachusetts, under 28 U.S.C. §1391(e), which states, in pertinent part, that "a civil action in which a defendant is an officer or employee of the United States or any agency thereof… may… be brought in any judicial district in which (1) defendant in the action resides, [or] (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is at issue." Id. Moreover, the venue is

proper because a substantial part of the events or omissions giving rise to the claim occurred in the district.

## STATUTORY AND REGULATORY BACKGROUND

10. Under federal immigration law, an alien may qualify for an H-1B visa if they are coming temporarily to the United States to perform services in a specialty occupation and must meet the educational/skill requirements for the job which requires a Labor Condition Application (LCA) certified by the Department of Labor. The spouse and minor children of any of the above aliens may accompany or follow to join the principal visa holder.

## FACTUAL ALLEGATIONS

11. Plaintiff Wang is an individual who resides in Malden, Massachusetts.

12. Plaintiff Luo is Plaintiff Wang's spouse who has a residence in Malden, Massachusetts, and is now temporarily residing in Toronto, Canada.

13. On July 1, 2024, Plaintiff Wang's employer filed an I-129, Petition for a Nonimmigrant Worker for her under the class of H-1B.

14. On July 7, 2024, the petition was approved and was sent to the U.S. Consulate General Office in Vancouver, Canada.

15. On August 28, 2024, Plaintiff Luo and Plaintiff Wang appeared for the visa interview at the U.S. Consulate General Office in Vancouver, Canada.

16. Both Plaintiffs submitted all necessary documentation and complied with all applicable requirements.

17. On October 4, 2024, Plaintiff Wang's application for H-1B visa was approved and issued.

18. On September 9, 2024, the Vancouver U.S. Consulate General Office notified Plaintiff Luo to attend a second interview on September 19, 2024, and requested him to bring additional documents.

19. The second did not take place as it was subsequently canceled by the Vancouver U.S. Consulate General Office.

20. Plaintiff Luo did not receive any further updates or results on his visa application since then.

21. Meanwhile, Plaintiff Luo's visa application status has remained as "Refused" since August 28, 2024.

22. Plaintiff Luo sent numerous follow-up emails to the U.S. Consulate General Office in Vancouver.

23. The officials did not provide substantial responses to his inquiries other than notifying him that his visa application was under administrative processing.

24. The last and most recent response Plaintiff Luo received from the Consulate General Office was on March 21, 2025, via email correspondence.

25. The response remained the same as the previous responses, which notified him that his visa application was under administrative processing.

26. The prolonged delay has caused significant hardship to Plaintiffs.

27. Plaintiff Luo has been separated from Plaintiff Wang and 10-month-old U.S. citizen child for several months due to the delay in adjudication.

28. The delay has also resulted in financial loss to Plaintiff Luo, as he has been unable to return to the United States to resume employment.

**HARM THAT DEFENDANTS ARE CAUSING THE PLAINTIFFS**

29. Plaintiffs have suffered and are suffering significant harm because of the Defendants' policies, procedures act, and/or failures to function as described in this Complaint. The Defendants' failure to adjudicate Plaintiff Luo's visa application for *eight* (8) months constitutes a failure to properly administer the application.

30. Because Plaintiff Luo's visa application has not resulted in an update from the Consulate General Office, the Plaintiffs are not receiving the full rights, privileges, and benefits to which they are entitled. The Plaintiffs, in reliance on law supporting an alien's right to receive an H-4 nonimmigrant visa as a spouse of a H-1B visa holder. The Plaintiffs have not received further updates on the progress of the visa application and the pending administrative processing, impairing the Plaintiff's ability to receive the visa within a reasonable timeframe.

31. The Plaintiffs' rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and continue to be violated by the Defendants' failures, policies, and practices as described in this Complaint.

## CAUSES OF ACTION
### Count I
**Violation of Administrative Procedures Act, 5 U.S.C. §555 *et seq.* and §706 *et seq***

32. The Plaintiffs incorporate paragraphs 1 through 31 as if fully stated in this Count.

33. Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C., because:

    - An action (namely, the H-4 visa application) by an agency of the United States, i.e., DOS and Consular Affairs, is being "unlawfully withheld or unreasonably delayed," now for more than *eight* (8) months, well beyond a reasonable processing timeframe for this type of application; as proscribed by 5 U.S.C. §706(1);

- The agency's delay in adjudicating these applications is "arbitrary, capricious, [and] not by the law," as proscribed by 5 U.S.C. §706(2)(A); and

- The agency's handling of this application has not been affected "with due regard for the convenience and necessity of the parties… and within a reasonable time," as required by 5 U.S.C. §555(b).

34. As a result, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

## Count II
## Mandamus, 28 U.S.C. §1361

35. Plaintiffs incorporate paragraphs 1 through 31 as if fully stated in this Count.

36. Defendants must administer and enforce the Immigration and Nationality Act (INA). *See* INA §103; 8 U.S.C. §1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, the Defendants are responsible for an update on Plaintiff Luo's visa application. This breach of the Defendants' duty is ongoing. Moreover, this breach of the Defendants' duty has <u>*no foreseeable conclusion*</u> and could be prolonged for months or even years into the future. Plaintiffs, therefore, have no remedy available to compel the Defendants to satisfy their statutory obligations except for this federal action.

37. As a result, Plaintiffs have suffered irreparable and/or other harm, monetary damages, and attorneys' fees, thereby entitling them to an injunction and other relief.

## Count III
## Violation of Aliens and Nationality Law
## 8 U.S.C. § 1101(a)(15)(H)

38. Plaintiffs incorporate paragraphs 1 through 31 as if fully stated in this Count.

39. Under federal immigration law, an alien may qualify for an H-1B visa if they are coming temporarily to the United States to perform services in a specialty occupation and must

meet the educational/skill requirements for the job which requires a Labor Condition Application (LCA) certified by the Department of Labor. The spouse and minor children of any of the above aliens may accompany or follow to join the principal visa holder.

40. Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint- namely, failing to timely adjudicate the Plaintiff Luo's H-4 visa application – violate 8 U.S.C. § 1101(a)(15)(H).

41. As a result, Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

## Count IV
### Declaratory Judgement, 28 U.S.C. §2201

42. Plaintiffs incorporate paragraphs 1 through 31 as if fully stated in this Count.

43. The Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint are a violation of the federal regulations, a breach of the Defendants' statutory duties, and are unconstitutional, arbitrary, and capricious. Plaintiffs seek a declaration to that effect under 28 U.S.C. §2201 and declare that Defendants are compelled to adjudicate the Plaintiff Luo's H-4 visa application in the next thirty (30) days.

## Count V
### Violation of the Fifth Amendment Due Process and Equal Protection Clauses

44. Plaintiffs incorporate paragraphs 1 through 31 as if fully stated in this Count.

45. The Defendants' practices, policies, conduct, and/or failures to function as alleged in this Complaint violate the Plaintiffs' right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United States Constitution. Plaintiffs are protected by the Fifth Amendment and are guaranteed the enjoyment of due process with equal protection, based on the Plaintiffs' residence.

Because of the delay by the Defendants in processing the petitions, the Plaintiffs have suffered a violation of due process rights.

46. As a result, the Plaintiffs have suffered irreparable and other harm, thereby entitling them to injunctive and other relief.

## RELIEF REQUESTED

Wherefore, the Plaintiffs respectfully request that this Court:

1. Declare that the Defendants' acts and omissions as alleged in this complaint violate the Administrative Procedure Act, Federal Immigration Law, and the Due Process and Equal Protection Clauses of the Fifth Amendment;
2. Issue a writ of *mandamus* requiring that the Defendant United States and its agencies adjudicate the Plaintiff Luo's H-4 visa application within thirty (30) days;
3. Issue a preliminary and permanent injunction requiring Defendants to adjudicate the Plaintiff Luo's H-4 visa application within the next thirty (30) days; and
4. Grant such other relief as the Court deems just, equitable, and proper.

Respectfully submitted, this 9th day of May, 2025

Plaintiffs
By their counsel
/s/ Duo Liu
Duo Liu, Esq.
BBO #: 708809
Blumsack and Canzano, P.C.
112 Water Street, 3rd Floor.
Boston, MA 02109
Telephone: 857-990-9060
Email: dliu@mybostonlawfirm.com